## LOUIS RICHARDSON *v.* THE STATE.

1. DISTURBING RELIGIOUS WORSHIP. — In order to constitute this offence, the proof must show that there was assembled, at the time of the alleged disturbance, a congregation for the purpose of religious worship, and that the congregation was disturbed in one of the ways set out in the statute; and, moreover, the disturbance must appear to have been wilful. See the opinion *in extenso* for definition of disturbance.

2. SAME — CASE STATED. — Officials of a church, acting under the church discipline, as they construed it, notified the minister that they would hold a meeting to take action in regard to his alleged misconduct, and invited him to attend. The minister did not attend, and the officials resolved to suspend him until his conduct could be passed upon by superior authority; and they delegated the accused, who was a steward of the church, to carry out the resolution. Accused did so by approaching the stand after the congregation had assembled, but before services had commenced, and notifying the minister of the action of the officials, and that he would have to quit preaching until the "elder" had passed upon his conduct. *Held*, that even if the proof brought the accused within the *letter* of the law, still it does not bring him within its *reason* and *spirit*, nor the mischief it was intended to remedy; and further, that it does not show a *wilful* intent to disturb the congregation.

APPEAL from the County Court of Gonzales. Tried below before the Hon. J. S. CONWAY, County Judge.

The opinion states the case.

*Ponton & Fry*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

WINKLER, J. The appellant and two others were charged by information, under the statute, with wilfully disturbing a congregation assembled for religious worship. The charging portion of the information is as follows, after stating time and venue: "then and there unlawfully and wilfully disturb a congregation assembled for religious worship at Wesley Chapel Church, in said county, by loud and vociferous talking, and by the use of threats and other noises

caused said congregation to be disturbed while said congregation were conducting themselves in a lawful manner.''

As to two of the defendants the prosecution was dismissed, and this appellant was put on trial alone. He was found guilty, and a fine of $25 imposed ; and, after a motion for new trial overruled, this appeal is prosecuted.

The trial below divulged about this state of case : The congregation alleged to have been disturbed was a church or society of colored people belonging to the Methodist Church. One Cyrus Shanks was the minister. The appellant was one of the stewards of the church. Of the two others jointly charged, but as to whom the prosecution had been dismissed, one was a steward and the other the class-leader. The church had but two stewards. Prior to the alleged disturbance, rumors had been circulated imputing to the minister improper intimacy with a female member of the congregation, a married woman. It was proved on the trial that, on the night previous to the alleged disturbance, the class-leader mentioned the subject to the officials of the church, and a meeting of the officers of the church was called, and the minister was notified by the class-leader of the time and place of the meeting, for the purpose of investigating the minister's conduct.

In this connection, we make the following extract from the testimony of the class-leader, who was put on the stand by the accused : "We held our meeting, but Shanks did not attend. Henry Christmas, a Methodist preacher, Louis Richardson, who is a steward, and another preacher, and myself were present. We came to the conclusion that it was our duty to suspend Parson Shanks from preaching, until the elder could be heard from. The preacher said this was the right way, and we appointed Louis Richardson to carry out this resolution. We thought it was wrong for the officers to allow a man to preach when such charges were circulated against him. When we went to the church

that night, Henry Christmas, Louis Richardson, and myself went in together; and Louis went up in front of the stand, and said, ' Brother Shanks, you will have to quit preaching until charges against you are investigated by the elder.' Shanks took up his stick and hat, and said, ' I am one man, but I am not afraid of all three of you.' Louis said, ' I can read the discipline, and I know my duty as steward, and you will have to come down until we hear from the elder.' Louis spoke in a mild manner. We all thought we were doing our duty. When we went in, Shanks was not preaching, but was talking about what the committee had him up about the night before."

The statement of this witness is borne out, and not contradicted by any other testimony in the case. It was admitted without objection, and the above extract is set out for the reason that, in our opinion, it shows the *animus* which actuated the appellant on the occasion of the alleged disturbance, and presents the question whether, under this statement of the facts, the appellant was guilty of a violation of the law or not.

The statute provides that " any person who, by loud or vociferous talking, or swearing, or by any other noise, wilfully disturbs any congregation assembled for religious worship," etc., " shall be deemed guilty of a misdemeanor," etc.

The offence created by the statute consists in *wilfully disturbing* the character of congregation mentioned, for the purpose mentioned, and in the manner mentioned in the act. So that, to constitute the offence, there must be a congregation assembled for religious worship, and that congregation, so assembled, must be *disturbed,* — that is, agitated, roused from a state of repose, molested, interrupted, hindered, perplexed, disquieted, or turned aside or diverted from the object for which they are assembled; and the act which causes the disturbance must be wilfully done, — that is,

willingly, designedly, purposely, obstinately, or stubbornly done. These elements combining, the offence would be complete. Does the proof show that this appellant, by loud and vociferous talking, and other noises, disturbed the congregation assembled for religious worship, and conducting themselves in a lawful manner, and did he so cause such disturbance wilfully?

Mr. Bishop, in treating of the application and interpretation of the law of statutory offences, condenses the subject into this statement: "Whenever the thing done comes not within the mischief which evidently the statute was intended to suppress, though it comes within its words, the person doing the thing is not punishable; while, on the other hand, a person may defend himself by showing, if he can, that either the main part of the enactment, or some clause put into it to create an exception, is so unguardedly worded as to open an escape for him through the letter, his act being still a complete violation of its spirit." Bishop's Stat. Cr., sec. 230. So, likewise, the thing may be excepted out of general words, "for the reason that to include it would be contrary to the general spirit and policy of the law." Id. 231.

This author proceeds, in the same section, to this effect: "Perhaps under this head might be embraced cases like those already alluded to, where a prohibition in general terms is held to apply only to wilful transgressions, it being a principle of the common law that no one shall suffer criminally for an act in which his mind does not concur." And again, in section 232: "This doctrine is usually stated in terms somewhat narrower than those last employed; in substance, that the case must come, not only within the words of the statute, but also within its *reason and spirit, and the mischief it was intended to remedy.*"

The object and intent of the law on which this prosecution is based was evidently to protect congregations assem-

bled for religious worship from wilful disturbance; yet, to hold this conviction proper and legal, it must be so construed as to bring within its provisions the officers of the church or congregation who may attempt, in a quiet, peaceable, and orderly manner, to protect the same congregation from imposition, and perhaps serious detriment, by maintaining in the pulpit one whom they regard as totally unfit for the position.

We are of opinion that, under the authorities cited, the statute does not bear this interpretation; and that although the proofs should bring the accused within the letter of the law, which we think not to be the case, still they do not bring him within its *reason and spirit, and the mischief it was intended to remedy.* The proof is very meagre to show that this congregation was disturbed at all, and there is an entire absence of proof that the accused *wilfully disturbed* it. On the contrary, the proofs abundantly show that the accused and those with whom he acted were not only not actuated with a purpose wilfully to disturb the congregation, but that he and they were actuated by a pure and worthy motive in suspending the minister until grave charges against him could be inquired into by his official superior, the elder. We are not informed as to whether the steward's acts were clearly within the law of the church or not, nor is it material that we should make the inquiry. Enough is set out to show that the motive by which they were governed was rather to protect than to disturb the congregation, and entirely negatives the idea that they thought of any wilful disturbance.

The law, whilst it protects the objects of its regard, should with equal propriety protect those who are charged with the conduct of its members, and responsible to the proper authority for a faithful discharge of that duty; always bearing in mind that the law would not protect them in themselves violating the law of the land, which demands

obedience from all, — as was the case in *Dorn* v. *The State*, 4 Texas Ct. App. 67.

We are of opinion that, agreeably to the evidence, the appellant is not shown to have violated the law, and does not come within the evils it was intended to provide against; and so believing, the judgment is reversed and the cause is remanded.

*Reversed and remanded.*